**In re Raymond BRYANT, Debtor.**

**Bankruptcy No. 95–41407–S.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Dec. 19, 1996.

Jon M. Waage, Denton, TX, for Debtor.

Michael Gross, Trustee, Tyler, TX.

### *OPINION*

DONALD R. SHARP, Chief Judge.

The Court has before it the confirmation of Debtor's First Amended Chapter 13 Plan. The Attorney General of Texas, Child Support Division, objected to confirmation of Debtor's Plan. At the conclusion of the hearing, the matter was taken under advisement. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### *FACTUAL AND PROCEDURAL BACKGROUND*

The Plan provides for payments to the Trustee over a sixty (60) month period and further provides, in pertinent part, that the "Trustee will make disbursements in the following order"...e) "the State of Texas o/b/o Shirley J. Webster shall be paid in lieu of the

arrearage in child support claim and in satisfaction of the arrearage in child support claim pro rata payments per month for sixty (60) months for a total repayment of $6,709.16. Such total repayment represents the amount of $6,709.16 paid out at 0% interest per annum ..."

The Attorney General of Texas filed an Objection to confirmation of the Debtor's Plan because the Plan does not "provide for post-petition interest on the child support arrearage owed."

### *DISCUSSION*

This matter came before the Court as an Objection to the Confirmation of Debtor's Chapter 13 Plan. During the discussion with counsel at the hearing, it became apparent that counsel both agreed that it was not appropriate to include interest in the Chapter 13 plan payments over the life of the Chapter 13 plan. The primary discussion and dispute between the parties centered around whether or not the state of Texas had the right to accrue interest on the child support payments which would become a part of the nondischargeable debt at the completion of the Chapter 13 plan. The primary dispute between the parties was as to the wording of the confirmation order since neither party wanted the confirmation order to act as a foreclosure of their rights in the future.

It is clear that pursuant to § 502(b)(2) of the Bankruptcy Code, unmatured interest is not allowed on this claim. The fact that the debt may or may not be nondischargeable has no bearing on that issue. *See Leeper v. PHEAA*, 49 F.3d 98, 101 (3d Cir.1995) which dealt with a student loan but the principle is exactly the same. It is also clear to the Court that nothing further needs to be done in connection with the question of the accrual of the interest. That issue is not ripe for decision at this point since there is no attempt to collect a post-petition nondischargeable debt at this point. There is also no attempt at this point to have that debt declared discharged. Those issues can properly be litigated if and when Debtor seeks a discharge in this case.

The objection to confirmation of the plan must be denied and Debtor's counsel is instructed to present an order of confirmation within ten days.